Per Curiam.

By this proceeding in mandamus, originating in this court, relator is seeking a writ to compel the Clerk of the Court of Common Pleas of Cuyahoga County to furnish him (1) transcript of court proceedings, (2) journal entry, (3) certificate of sentence, (4) bill of exceptions, (5) bill of particulars, and (6) indictment.
Belator is basing his right to such papers on Section 2953.03, Bevised Code, which provides as follows:
“On application by or on behalf of a defendant, after judgment or after the date upon which imposition of sentence is suspended, as provided by Sections 2951.02 and 2951.10 of the Bevised Code, to the clerk of court or his deputy or one charged by law to keep the public records or docket entries in criminal cases, as provided in Section 2953.02 of the Bevised Code, and upon tender of the proper fee, such officer shall make and cause to be delivered to the clerk of the reviewing court to which the appeal is taken within five days of the date of the application, a complete certified transcript of the record and docket entries and entries on the journal together with the original papers in the case. If the prosecution was before a court or magistrate in which a complete record is not made, such officer shall, within five days of such request, so make and deliver a certified transcript of the judgment and all entries in the case, and shall forward the same to the clerk of the court in which review is sought, together with the original papers in the case. It is not necessary to include with such transcript the bill of exceptions unless requested by the defendant, in which case the fee paid shall include the cost of transcribing such bill as provided by Section 2301.24 of the Bevised Code.
“The judge of the trial court in a felony case may, because of the poverty of the defendant, in the interest of justice, order the bill of exceptions and transcript, or either, paid from the county treasury in the manner provided in Section 2301.24 of the Bevised Code, and order the amount in money so paid charged as costs in the case. In cases where the court grants a motion to prepare a bill of exceptions for the defendant at the expense of the state, as herein provided, and there is not *466 sufficient time to file it, as provided by Section 2945.65 of the Revised Code, the court shall extend such time, not exceeding 30 days from granting such motion.”
Respondent has demurred to the petition on the ground that it does not state facts which show a cause of action.
Under the provisions of Section 2953.05, Revised Code, an appeal as matter of right from a criminal conviction must be brought within 30 days. After the expiration of 30 days, an appeal may be had only by leave of the court to which the appeal is taken.
Section 2953.03, Revised Code, provides that the transcript shall “be delivered to the clerk of the reviewing court to which the appeal is taken.”
The section clearly contemplates the furnishing of a transcript in those cases where an appeal is actually pending either on an appeal as of right or where a motion for leave to appeal has been granted.
Although, under the provisions of Sections 2301.23, 2301.24 and 2953.03, Revised Code, an indigent defendant is entitled to. a transcript of the proceedings against him, in the event of an appeal, it is only in the event of an appeal that such right arises. In a case such as the one presently before us, Avhere the statutory period for an appeal as of right has expired, it must be shoAvn that an appeal is pending, i. e., leave to appeal has been granted, before the right to the transcript arises.

Demurrer to petition sustained and writ denied.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.